# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **20-02238-jw**

## ORDER

The relief set forth on the following pages, for a total of 4 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**05/13/2022**



*[signature: John E. Waites]*

US Bankruptcy Judge
District of South Carolina

Entered: 05/13/2022

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Dawn Marie Seaver,<br><br>Debtor. | C/A No. 20-02238-jw<br><br>Chapter 13 |

## ORDER GRANTING DEBTOR'S MOTION
## FOR CONTEMPT AND SANTIONING TITLEMAX OF SOUTH CAROLINA, INC.

This matter comes before the Court upon the Motion for Contempt ("Motion") filed by the debtor, Dawn Marie Seaver ("Debtor'). In the Motion, Debtor seeks an order from the Court holding TitleMax of South Carolina, Inc. ("TitleMax") in contempt for its failure to comply with Debtor's plan ("Plan"), which was confirmed on October 7, 2020 ("Order Confirming Plan"). The Motion also seeks an award of attorney's fees and costs incurred by Debtor in connection with the Motion. Titlemax was served with a copy of the Motion and Notice of Hearing, but it did not file an objection. No one appeared on behalf of Titlemax at the hearing. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## FINDINGS OF FACT

After Debtor secured a discharge order from the Court, the terms of Debtor's confirmed Chapter 13 Plan required TitleMax timely satisfy its liens upon Debtor's 1998 Toyota 4Runner ("Vehicle")[1] at the earliest of the time required by applicable state law, order of this court, or thirty (30) days from the entry of the discharge order. The record for Debtor's bankruptcy case shows

---

[1] The VIN for the Debtor's Vehicle is JT3HN87R4W9015519.

that Debtor completed all payments under the Plain and received her Chapter 13 discharge on November 1, 2021. Thereafter, Debtor requested that Titlemax surrender the title to the Vehicle free and clear of TitleMax's liens. Despite Debtor's requests; counsel's request; and the provisions of Debtor's confirmed Plan, Titlemax failed to timely satisfy its lien or surrender the title. Under these circumstances, the Court concludes that Titlemax has violated the provisions of Debtor's confirmed Plan.

## CONCLUSIONS OF LAW

Under federal law, the standard for making a civil contempt finding "is generally an *objective* one," and civil contempt "should not be resorted to where there is a *fair ground of doubt* as to the wrongfulness of the defendant's conduct." *Taggart v. Lorenzen*, __ U.S. __, 139 S.Ct. 1795, 1801-02, 204 L. Ed. 2d 129 (2019) (emphasis theirs). The Supreme Court concluded that this standard applied to bankruptcy cases when enforcing the terms of a discharge order. *See id.* Recently, the Fourth Circuit concluded that such a standard also applied to the enforcement of a confirmed Chapter 11 plan. *Beckhart v. NewRez, LLC*, 31 F.4th 274, 277 (4th Cir. 2022) ("We hold that the standard articulated by the Supreme Court in *Taggart* governs civil contempt under Chapter 11 of the Bankruptcy Code as well."). Although the Fourth Circuit has not expressly applied the *Taggert* standard in the context of a Chapter 13 case, the Court concludes that a civil contempt finding in a Chapter 13 case for non-compliance with a confirmed Chapter 13 plan requires an *objective* finding that there is no *fair ground of doubt* as to the wrongfulness of the defendant's violation of the confirmed plan. *See, e.g., In re Polvorosa*, 621 B.R. 1, 9-10 (applying "fair ground of doubt" standard to determine whether secured creditor's conduct violated confirmed Chapter 13 plan and triggered civil contempt finding).

Here, the record is clear that TitleMax has no fair ground of doubt as to its duties under

Debtor's confirmed Chapter 13 plan.  The terms of Debtor's confirmed Plan, which was properly served upon TitleMax before confirmation,[2] expressly required TitleMax to release its lien on Debtor's Vehicle within thirty-days of entry of the Court's discharge order.  The Court entered a discharge order in Debtor's bankruptcy case on November 1, 2021, and more than sixty-days later, Debtor's counsel sent TitleMax a demand letter on February 8, 2022, asking TitleMax to surrender title to the Vehicle to Debtor free and clear of liens.  To date, TitleMax has not returned a title certificate for the Vehicle to Debtor free and clear of its liens.   Under these circumstances, TitleMax has no objective basis to justify its failure to comply with its duties under Debtor's confirmed Plan, and the Court concludes that a civil contempt finding for non-compliance with Debtor's confirmed Chapter 13 Plan and an award of attorney's fees and costs in the amount of $2,337.50[3] are warranted.

Accordingly, **IT IS HEREBY ORDERED** that, within fourteen (14) days after service of this Order, Titlemax shall:

a) satisfy its lien on the Vehicle, and forward the title for the Vehicle to Debtor's counsel; and

b) tender to Debtor's counsel, Michael G. Matthews, 2015 Boundary Street, Suite 319, Beaufort, SC 29902, a payment in the amount of $2,337.50 to pay the fee award in full, and

c) upon compliance of all the provisions of this Order, TitleMax shall notify chambers by letter of its compliance.

**AND IT IS SO ORDERED**

---

[2] Debtor's counsel served the confirmed Plan on TitleMax on September 9, 2020, by mailing it to 15 Bull Steet, Suite 200, Savannah GA 31401, which is the address that TitleMax listed on its proof of claim for all bankruptcy notices for Debtor's Chapter 13 bankruptcy.  Moreover, despite being provided with an opportunity to object to Debtor's Plan, TitleMax never filed a response or objection to the Plan within the time prescribed by the Bankruptcy Code, Bankruptcy Rules, or the Court's Local Rules.

[3] Debtor's counsel entered an unsworn declaration into evidence to prove all fees and costs incurred in pursuit of TitleMax's compliance with the confirmed Plan, the Court finds the $2,337.50 in fees and costs that Debtor's counsel disclosed to the Court reasonable under the general standards applied by this Court for such awards.